This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Tristan Kipp, by and through his next friend, Therese Kipp, has appealed from the order of the Lorain County Court of Common Pleas that affirmed the decision of Appellee, the Lorain Board of Education ("Board"), suspending Tristan for three days. We affirm.
 I. Procedural History
On February 6, 1997, Tristan was issued a notice of intended suspension for discussing paying a student to beat up another child on his behalf. That same date, Tristan was issued a notice of suspension pursuant to R.C. 3313.66. Tristan appealed the suspension to the Board. On March 11, 1997, following a hearing on the matter in front of a designee of the Board, the Board affirmed the suspension. Tristan appealed to the Lorain County Court of Common Pleas pursuant to R.C. Chapter 2506. The Court of Common Pleas affirmed the decision of the Board. Tristan timely appealed to this Court. He has raised eight assignments of error for review. We will discuss each in due course.
 II. Standard of Review.
Administrative appeals from decisions by a school board are governed by R.C. Chapter 2506. See R.C. 2506.01. The appeal is first addressed to the court of common pleas. Id. The common pleas court's standard of review is set forth in R.C. 2506.04 as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
Our standard of review is even more limited: we must affirm the court of common pleas unless that court's decision "is not supported by a preponderance of reliable, probative and substantial evidence." Smith v.Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613, quotingKisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. In making this determination, we apply an abuse of discretion standard. Nauth v. SharonTwp. Bd. of Zoning Appeals, (Sept. 2, 1998), Medina App. No. 2754-M, unreported, at 4. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 III. Assignments of Error. A.
FIRST ASSIGNMENT OF ERROR
 The court erred in finding that the "decision of the Lorain City School District Board of Education is not unconstitutional, arbitrary, capricious, or unreasonable," where the offense for which the child was suspended was not published as Board policy of suspendable offenses, pursuant to [R.C.] 3313.66 and 3313.661.
In his first assignment of error, Tristan has argued that the trial court erred by affirming the decision of the Board where the school policy regarding suspension and expulsion does not state with specificity that the behavior for which he was expelled is prohibited. We disagree.
Pursuant to R.C. 3313.66, a principal may suspend a pupil for up to ten days. However, R.C. 3313.661 requires that the Board adopt a policy regarding suspension, expulsion, removal and permanent exclusion that specifies the types of misconduct for which a student may be punished in the aforementioned manners. In this case, the Board adopted such a policy and published the policy in the Student/Parent Handbook. The policy states:
 Acts for which suspension or expulsion from the school or school activity may be considered are:
 1. Open or persistent defiance of authority and/or school rules and regulations.
 2. Threatening, striking, or assaulting any school employee.
3. Unprovoked attack upon another pupil.
 4. Threat or physical assault on another pupil to obtain money or other materials of value.
5. Damaging of school property.
 6. Habitual use of profane, indecent or obscene language — either verbal or in writing.
7. Theft — taking objects without owner's permission.
 8. Failure to abide by corrective measures such as detention for previous acts of misconduct.
9. Possession of a weapon.
 10. Use, sale, or possession of marijuana, narcotics, intoxicating liquors, or "counterfeit" substances represented as being such. Also the improper use of glue or other substances.
11. Possessing or smoking of tobacco.
12. Gambling on school premises or at school events.
13. Being truant from school.
14. Pulling or signaling a false fire alarm.
 15. Fighting — physically striking another student intending to do harm.
The record supports that the school board could have reasonably found that Tristan had violated the first and third acts prohibited in this list through his actions. The testimony at the hearing before the Board indicates that Tristan offered to pay another student to beat up an adversary of his with whom he had engaged in repeated confrontations. A similar incident where Tristan offered payment for fighting assistance had occurred three months prior to the incident in question. At that time, Tristan had been warned about his behavior, but as is apparent from the record, he again engaged in this prohibited conduct. Accordingly, the trial court did not abuse its discretion in finding the Board's decision to be supported by a preponderance of reliable, probative and substantial evidence and we must affirm the trial court's order. Tristan's first assignment of error is without merit.
 B. SECOND ASSIGNMENT OF ERROR The court erred in finding that the "decision of the Lorain City School District Board of Education is not unconstitutional, arbitrary, capricious, or unreasonable," where there was an alleged "admission" which "student refused to sign" and the alleged admission kept changing in wording consistently increasing [in] impact throughout the proceedings thereby depriving a student and his parents of due process.
In his second assignment of error, Tristan argues that he was denied due process of law. We disagree.
Where a student is suspended for ten days or less, due process requires that a student be given oral or written notice of the charges against him. Goss v. Lopez (1975), 419 U.S. 565, 577-84, 42 L.Ed.2d 725,737-40. If the student denies the charges, his due process rights also entitle him to an explanation of the evidence the authorities have against him and an opportunity to present his version of the facts. Id. Tristan was given notice of his suspension on February 6, 1997. That same date, a hearing was conducted with the principal, the assistant principal, Tristan, and Tristan's mother in attendance. During this hearing, Tristan and his mother were informed of the basis of the suspension and he was given the opportunity to refute any claims against him.
Tristan does not allege that he was not given proper notice or that he was denied the opportunity to obtain clarification as to the foundation of the allegations against him. Tristan did not refute the claims, and, in fact, he admitted the claims to be true. Tristan's allegations under this assignment of error merely challenge the verbiage used to describe the actions and question the truth of the statements by the principal and assistant principal in support of the charges at the hearing. Tristan's allegations about the verity of the evidence presented against him are irrelevant in a determination as to whether he was afforded his procedural due process rights.
Therefore, since Tristan was afforded notice of the charges and a hearing on the matter where the full extent of the charges and allegations were made known, the trial court did not abuse its discretion in affirming the Board's decision. Tristan's second assignment of error is without merit.
 C. THIRD ASSIGNMENT OF ERROR The court erred in finding that the "decision of the Lorain City School District Board of Education is not unconstitutional, arbitrary, capricious, or unreasonable," where the designee of a board of education retroactively ratifies the empowering of a principal with the discretion to determines, [sic.] beyond published board policy, when suspension is utilized to punish a student.
In his third assignment of error, Tristan has alleged that the Board erred by affirming a suspension executed by the principal and not by the Board itself where there was no previous Board policy authorizing such action by the principal. We disagree.
Pursuant to R.C. 3313.66, "the principal of a public school may suspend a pupil from school for not more than ten days." The principal, working in conjunction with the assistant principal, suspended Tristan. Therefore, since pursuant to statute the legislature has given the principal the authority to execute a suspension, it was unnecessary for the Board to act in order for the principal to have the proper authority to act in this situation. Accordingly, Tristan's third assignment of error is without merit.
 D. FOURTH ASSIGNMENT OF ERROR The court erred in finding that the "decision of the Lorain City School District Board of Education is not unconstitutional, arbitrary, capricious, or unreasonable," where the school system's procedures deprive parents of all parental rights as regarding their child.
In the fourth assignment of error, Mrs. Kipp, Tristan's mother and next friend, appears to argue that the school system's procedures deprived her of parental rights with regard to the punishment of her son. This Court notes that Mrs. Kipp is not a party to this action except to the extent that she is exercising Tristan's rights on his behalf as his next friend. She is not a party in her own right. Accordingly, Mrs. Kipp does not have standing to raise alleged infringements of her own rights in this cause of action. Therefore, this assignment cannot be considered and is stricken from the record.
 E. FIFTH ASSIGNMENT OF ERROR The court erred in finding that the "decision of the Lorain City School District Board of Education is not unconstitutional, arbitrary, capricious, or unreasonable,["] where the separation of powers clause of the Constitution and its application to administrative agencies is violated where a decision on student suspension was never addressed by the board of education.
In his fifth assignment of error, Tristan has argued that the decision of the Board was unconstitutional, arbitrary, capricious, or unreasonable because the Board never acted upon the suspension and the matter was heard by a designee and not the Board itself. We disagree.
R.C. 3313.66(E) provides that the student may appeal his suspension to either the Board or a designee of the Board. Once the student has appealed, R.C. 3313.66(E) further provides that the student is entitled to a hearing before either the Board or a designee of the Board.
Tristan appealed his suspension to the Board. In accordance with R.C.3313.66(E), the Board then appointed a designee to hear the appeal. Since such an action is expressly permitted by statute, the Board did not err in having a designee act on its behalf. Accordingly, Tristan's fifth assignment of error is without merit.
 F. SIXTH ASSIGNMENT OF ERROR The court rendered a decision which was arbitrary and capricious where it addressed the issue of appellate rights applicable to suspension based upon an individual case view rather than with respect to applicable statutory law, constitutional law and case law as it applies to school suspension.
 EIGHTH ASSIGNMENT OF ERROR The court rendered a decision which was arbitrary and capricious when it failed to decide a matter involving the board of education under the authority to review all procedures thereof.
In his sixth and eighth assignments of error, Tristan has argued that the trial court erred when it affirmed the Board's decision that he did not have a right to appeal his in-school suspension. In the case at hand, Tristan was punished through out of school suspension and not in-school suspension. Furthermore, in this case there is no order by the Board that denies him an appeal of this matter. Accordingly, these assignments of error must have been included in this brief in error. Therefore, the sixth and eighth assignments of error will be stricken.
 G. SEVENTH ASSIGNMENT OF ERROR The court erred in finding that the "decision of the Lorain City School District Board of Education is not unconstitutional, arbitrary, capricious, or unreasonable,["] where * * * the court has determined that all children are entitled to an equal education throughout the state, but permit individuals within the school system to determine policy on an individual basis.
In his seventh assignment of error, Tristan has argued that the trial court erred by affirming the Board's decision where the Board has permitted the principal of the school to have the authority to determine when a student should be disciplined. We disagree.
Pursuant to R.C. 3313.66, a principal may suspend a student for no more than ten days. As was stated in the third assignment of error, the principal was authorized by the legislature, and not the Board, to act to suspend Tristan in this case. Tristan has not challenged the constitutionality of this statute. Therefore, since the legislature expressly authorized the principal to act in determining the appropriate punishment in accordance with the law and the policies of the Board, the trial court did not err in affirming the Board's decision. Tristan's seventh assignment of error is without merit.
IV. Conclusion.
Tristan's first, second, third, fifth and seventh assignments of error are overruled, and his fourth, sixth and eighth assignments of error are stricken from the record. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, SLABY, J., WHITMORE, J. CONCUR.